**STATE of Minnesota, Appellant,**

v.

**Lenard NMN WELLS, a/k/a Lenare NMN Sims, Respondent.**

**No. C4–01–971.**

Court of Appeals of Minnesota.

Jan. 15, 2002.

Review Denied March 19, 2002.

Mike Hatch, Attorney General, John B. Galus, Assistant General Attorney, St. Paul, for appellant.

Mark D. Nyvold, Attorney at Law, St. Paul, for respondent.

Considered and decided by LANSING, Presiding Judge, KALITOWSKI, Judge, and HANSON, Judge.

## OPINION

LANSING, Judge.

The district court dismissed charges against Leonard Wells for racketeering and controlled-substance crimes because Wells was not brought to trial within 180 days of his request for final disposition under the Interstate Agreement on De-

tainers (IAD). In this pretrial appeal, the state argues that Wells waived the 180–day requirement by acquiescing to pretrial proceedings inconsistent with the IAD time limitations. On the undisputed facts the state has established waiver, and we reverse and remand for trial.

## FACTS

The state filed racketeering and controlled-substance charges against Leonard Wells in Stearns County on March 30, 2000. The complaint listed a Minnesota Gang Strike Force Agent as the complainant and a Minnesota Assistant Attorney General as the prosecuting attorney. Both the agent and the attorney signed the complaint and the attorney provided his name and telephone number. At the time the complaint was issued, Wells was incarcerated in a North Dakota state penitentiary on an unrelated conviction. A Stearns County district court judge signed the complaint and a detainer was lodged against Wells in North Dakota.

On May 15, 2000, Wells signed a request for final disposition of the Stearns County complaint to trigger the IAD provision requiring trial within 180 days. Instead of mailing his request to the assistant attorney general who signed the complaint, Wells mailed it to the Stearns County Attorney. The Stearns County Attorney received the request on May 25. The attorney general received the forwarded request on June 15, 2000.

Wells made a consolidated first and second appearance in Stearns County court on October 12, 2000. The court assigned Wells defense counsel. Wells's counsel demanded an omnibus hearing but agreed to "waive time" and the court set the omnibus hearing for December 4, 2000, almost a month outside the 28–day period required under Minn. R.Crim. P. 8.04(c).

On October 17, 2000, the attorney general's office wrote a letter to the district court and to defense counsel stating that under the IAD's 180–day time period, Wells was entitled to a jury trial before the December 4 omnibus hearing. The letter requested that the court calendar the case immediately for omnibus and jury trial unless Wells agreed to waive the time limitation. The letter requested that the waiver be in writing or on the record.

In response to the attorney general's letter, the court contacted defense counsel on October 25, 2000. Defense counsel said that a "waiver was possible" but that he needed to first discuss it with his client. The court clerk recorded that defense counsel "will talk to client, will likely be a waiver". The clerk noted on the calendar: "Date [for omnibus hearing] remains set for 12–4". Defense counsel did not contact the court with any final decision on the waiver.

On November 22, 2000, defense counsel moved to suppress multiple items of evidence and to dismiss for lack of probable cause. Because of the motions, the court clerk rescheduled the omnibus hearing for January 31, 2001 and cancelled the December 4 date. Defense counsel affirmatively participated in selecting the January 31 hearing date for the contested omnibus hearing.

On December 1, 2000, defense counsel moved to dismiss the complaint because the state failed to try Wells within 180 days of his request for final disposition. The hearing on the motion was initially set for December 8, 2000, but was continued after defense counsel filed a notice to remove the assigned judge. The hearing was rescheduled for January 16, 2001, and at the request of defense counsel and the court, rescheduled to several subsequent dates.

The motion was argued on May 2, 2001. The district court dismissed the complaint with prejudice for failure to honor Wells's request for final disposition under the IAD's 180–day requirement. The district court concluded that Wells's request for a final disposition was received by the prosecuting officer on June 15, 2000, and thus the 180–day rule required a trial by December 15, 2000. The state appeals the dismissal.

### ISSUE

Did defense counsel's statements and conduct in setting the omnibus-hearing and trial dates constitute a waiver of defendant's right under the IAD to be brought to trial within 180 days after delivery of his request for final disposition of the complaint?

### ANALYSIS

The Interstate Agreement on Detainers is a compact among 48 states, the United States, and the District of Columbia to establish procedures for resolving one state's outstanding criminal charges against a prisoner of another state. *New York v. Hill,* 528 U.S. 110, 111, 120 S.Ct. 659, 662, 145 L.Ed.2d 560 (2000). Minnesota and North Dakota are both parties to the compact; Minnesota has codified the agreement at Minn.Stat. § 629.294 (2000) and North Dakota has codified it at N.D. Cent.Code § 29–34–01 (2000). The purpose of the agreement is to "encourage the expeditious and orderly disposition" of outstanding charges pending in another state so that prisoner rehabilitation programs will not be disrupted or unavailable because of the untried charges. Minn.Stat. § 629.294, Art. I (2000).

■ The IAD is an interstate compact requiring congressional consent; consequently federal law governs its construction and application. *See Carchman v.*

*Nash,* 473 U.S. 716, 719, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516 (1985) (interpreting New Jersey's rights and obligations under the compact and stating that the IAD is "a congressionally sanctioned interstate compact within the Compact Clause * * * and thus is a federal law subject to federal construction"); *accord Hill,* 528 U.S. at 111, 120 S.Ct. at 662 (interpreting New York's obligations under the IAD). While states interpret and apply the IAD provisions, the states are bound by controlling U.S. Supreme Court cases that directly address identical issues. *See, e.g., Pinto v. Comm'r of Corr.,* 62 Conn.App. 24, 768 A.2d 456 (2001); *see also* Donald H. Zeigler, *Gazing into the Crystal Ball; Reflections on the Standards State Judges Should Use to Ascertain Federal Law,* 40 Wm. & Mary L.Rev. 1143, 1152–53 (1999). The application of federal law in interpreting an interstate compact allows the compact to function efficiently and prevents interstate conflicts over its interpretation. *See League to Save Lake Tahoe v. B.J.K. Corp.,* 547 F.2d 1072, 1074 (9th Cir.1976) (addressing choice of law in context of whether interpretation of interstate compact presents a federal question).

Under the IAD, if a prisoner requests final disposition of out-of-state charges for which a detainer has been lodged against him, the prisoner shall be "brought to trial" on the out-of-state charges within 180 days after the prisoner "shall have caused to be delivered to the prosecuting officer and the appropriate court" his request for final disposition. Minn.Stat. § 629.294, Art. III(a). The court having jurisdiction of the out-of-state matter may grant any necessary and reasonable continuance for good cause shown in open court. *Id.* The penalty for failing to comply with the IAD time limitation is severe; if the defendant is not brought to trial within the 180 days, the IAD requires that

the out-of-state complaint be dismissed with prejudice. *Id.* at Art. V(c) (2000).

■ The district court found that the 180–day period began to run on June 15, 2000, the date the attorney general's office, as prosecuting attorney, received the request for final disposition. Wells contends that the district court erred in this finding and that the 180–day period began to run on May 25, 2000, the date that the Stearns County Attorney received the request.

Both the U.S. Supreme Court and this court have held that the 180–day period does not begin to run until the request is actually *received by* the prosecutor and the appropriate court. *Fex v. Michigan,* 507 U.S. 43, 52, 113 S.Ct. 1085, 1091, 122 L.Ed.2d 406 (1993) (holding time period does not commence until request has "actually been delivered to the court and the prosecuting officer that lodged the detainer"); *State v. Burks,* 631 N.W.2d 411, 414 (Minn.App.2001). It is undisputed that an assistant attorney general signed the complaint. *See* Minn.Stat. § 609.902, subd. 9 (2000) (listing attorney general as a prosecuting authority for purpose of racketeering provisions). To trigger the 180–day requirement, Wells had to deliver his request for final disposition to that prosecuting authority or his office. Although the Stearns County Attorney may have been aware of the racketeering investigation leading up to the filed charges, *see* Minn. Stat. § 609.912 (2000), Wells has not demonstrated a joint prosecution or a separate basis for designating the Stearns County Attorney as the prosecuting authority. We conclude that the district court did not err in finding that the 180–day period began to run on June 15, 2000, and thus ended—absent any continuance, waiver, or tolling—on December 12, 2000.

■ The state claims that Wells or his defense counsel waived his right to be brought to trial within the 180–day period.

Wells acknowledges, consistent with Supreme Court precedent, that the IAD's 180–day time period is subject to waiver by defense counsel without the personal assent of the defendant. *Hill,* 528 U.S. at 115–17, 120 S.Ct. at 664–65. The Supreme Court in *Hill* reasoned that waiver of the 180–day period would essentially involve "scheduling matters" for which defense counsel is in the better position to assess the benefits or detriments of the delay. *Id.* at 115, 120 S.Ct. at 664. The court drew a distinction between the fundamental rights that require personal waiver, such as the right to counsel or the right to a jury trial, and nonfundamental rights, which would include the right to demand a hearing within 180 days. "[W]hat suffices for waiver depends on the nature of the right at issue." *Id.* at 114, 120 S.Ct. at 664. "Requiring express assent from the defendant himself for such routine and often repetitive scheduling determinations would consume time to no apparent purpose." *Id* at 115, 120 S.Ct. at 664.

Wells and the state dispute, however, what statements or conduct is necessary to constitute defense counsel's waiver. The *Hill* Court rejected a requirement that waiver be limited to "explicit" or "affirmative" conduct. *Id.* at 118, 120 S.Ct. at 666. The Court noted that nothing in the IAD distinguishes between "waiver proposed" and "waiver agreed to." *Id.* "[S]uch an approach would enable defendants to escape justice by willingly accepting treatment inconsistent with the IAD's time limits, and then recanting later on." *Id.* (holding that defense counsel who agreed to a trial date beyond the 180–day limitation had waived the IAD time limitation). Applying the principles of *Hill* to the undisputed facts in the record, and examining the record as a whole, we conclude that the state, as a matter of law, has demonstrated waiver.

First, the record shows that at the consolidated first and second appearance on October 12, 2000, defense counsel (not the same attorney representing Wells on appeal) agreed to "waive time" in scheduling the omnibus hearing. Counsel stated on the record that the omnibus hearing could be scheduled beyond the 28–day period required under the Minnesota Rules of Criminal Procedure. *See* Minn. R.Crim. P. 8.04(c) (requiring omnibus to be scheduled within 28 days of second appearance). The hearing was then set for December 4, more than three weeks after expiration of the 28–day period. Defense counsel did not object to this omnibus—hearing date, even though it was well past November 25, which is the date that Wells now claims the 180–day period expired. We agree with the district court that the decision to "waive time" referred to setting the omnibus hearing—and not to waiving the IAD time limitations—but counsel's agreement to delay the omnibus hearing and the failure to object to the December 4 date demonstrates waiver.

Second, in response to a letter by the assistant attorney general, the district court, in an October 25 telephone call, directly presented defense counsel with two options: either waive the IAD time limitations or proceed to trial before expiration of the time period. Defense counsel stated that waiver was "possible"—but did not provide any further information on his final decision. Thus, the court retained the original scheduling and did not reschedule the trial before December 12, 2000, the end of the 180–day period. Although defense counsel did not explicitly agree to waive trial within 180 days, the burden was on him to advise the court of the defendant's decision. His actions in failing to inform the court of the defendant's waiver decision—when presented squarely with two options—implicitly waived the 180–day deadline.

Finally, the record shows that on November 22, 2000, twenty days before the expiration of the 180–day period, defense counsel filed a 12–part omnibus-hearing motion, including a motion to dismiss for lack of probable cause and several motions to suppress. The complexity of the contested motions prompted the court to reschedule the December 4 omnibus to January 31, 2001. Defense counsel participated in selecting this date without making any objection to the time delay. By agreeing to reschedule the omnibus for a date outside the 180–day period, defense counsel agreed to accept treatment inconsistent with the IAD time limitations.

The assistant attorney general's request that the district court obtain the waiver in writing or on the record does not impose a record or writing requirement. As the *Hill* Court noted, dismissal of an outstanding complaint should not hinge on a hypertechnical distinction between express and implied waiver, especially because the severe penalty of dismissal is not contingent on prejudice or other factors. 528 U.S. at 118, 120 S.Ct. at 666. The record demonstrates that defense counsel repeatedly and willingly accepted treatment inconsistent with IAD time limitations, thus the defendant is deemed to have waived such time limitations.

Because we reverse on the waiver issue, we do not address the state's alternative argument that the defense attorney's conduct tolled the 180–day limit under the IAD.

## DECISION

Defense counsel waived the 180–day time limit by waiving a speedy omnibus hearing, agreeing to schedule an omnibus hearing outside the 180 days, and failing to advise the court of any decision on whether to waive or schedule a trial within the

180–day time limit when squarely presented with the two options.

Reversed and remanded.