*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2138**

State of Minnesota,
Respondent,

vs.

Carlos Alfredo Rios,
Appellant.

**Filed January 4, 2016
Affirmed
Minge, Judge***

Ramsey County District Court
File No. 62-CR-12-10071

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Andrew R. K. Johnson, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Charles F. Clippert, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Bjorkman, Judge; and Minge, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**MINGE**, Judge

Appellant challenges the district court's denial of his motion to dismiss a complaint charging him with burglary and robbery, arguing that the state failed to meet either the 120- or the 180-day trial requirement of the Interstate Agreement on Detainers Act (IAD), Minn. Stat. § 629.294, subd. 1 (2014). Because appellant initiated a request for disposition of the charges pending against him, the IAD's 180-day time requirement applies. Because appellant's guilty plea tolled the time and because his suggested scheduling of a trial implicitly waived the otherwise applicable deadline for bringing him to trial, the district court did not err in denying appellant's motion to dismiss the charges against him. We affirm.

## FACTS

On December 18, 2012, police responded to a report of a burglary in progress in Saint Paul. Witnesses reported that four masked men had entered a home, pointed guns at people inside, pushed and kicked the witnesses, and ransacked the premises. As police arrived, the suspects fled. The police searched the vicinity and arrested three individuals, including appellant Carlos Rios, who had in his possession a cell phone taken during the burglary. The police also recovered a handgun in the snow along the path on which appellant and the other suspects had fled. On December 20, 2012, appellant was charged with two counts of first-degree burglary and one count of first-degree aggravated robbery.

After appellant's first appearance on December 20, various hearings and trial dates were set and rescheduled and he was transferred to federal custody. On August 20, 2013, while appellant was in a federal penal institution, the Ramsey County district court issued a

2

writ of habeas corpus ad prosequendum to the U.S. Marshal, requesting custody of appellant for his appearance at a plea hearing in Minnesota on the December 2012 charges.[1]  On December 16, 2013, while still in federal custody, appellant filed a request pursuant to the IAD for disposition of pending charges against him.  Appellant was transferred to the Ramsey County jail on February 20, 2014, for a plea hearing.

During the course of the 2014 proceedings, appellant requested a pre-plea sentencing worksheet, a guilty plea was entered, the guilty plea was withdrawn, and a trial date was ultimately set for August 11, 2014.  On August 8, 2014, appellant moved for dismissal of all charges against him on the ground that he had not been brought to trial within the time limits set in the IAD.  This motion was denied.  On August 27, 2014, appellant waived his right to a jury trial, agreed to a stipulated-facts court trial, and was found guilty of first-degree burglary and first-degree aggravated robbery.  Appellant was sentenced on September 19, 2014.  This appeal followed.

## D E C I S I O N

The issue raised by appellant is whether the district court erred in refusing to dismiss charges against him on the ground that the State of Minnesota failed to bring him to trial within the time limits set by the IAD.  The IAD is a compact among 48 states, the federal government, and the District of Columbia to establish procedures for resolving one jurisdiction's outstanding criminal charges against a prisoner incarcerated in another

---

[1] The record filed in this appeal contains notations that the writ was cancelled on September 18, 2013, and a December 16, 2013 entry reads: "Proposed Detainer-BOP Writ Prosecutor to fill out form and return to Records-check status." No other information appears in the record regarding a writ of habeas corpus.

3

jurisdiction. *State v. Dickerson*, 777 N.W.2d 529, 532 (Minn. App. 2010), *review denied* (Minn. Mar. 30, 2010). Minnesota is a party to the compact. Minn. Stat. § 629.294, subd. 1. The purpose of the IAD is to "encourage the expeditious and orderly disposition" of outstanding charges pending in the non-custodial jurisdiction to reduce the "uncertainties which obstruct programs of prisoner treatment and rehabilitation." *Id.*, subd. 1, art. I.

The IAD sets time limits for trial which have a similarity to the constitutional right to a speedy trial; however, the limits serve additional purposes including prompt return of prisoners to the jurisdiction where they had been incarcerated. The IAD limit differs from the constitutional right to a speedy trial in that the IAD does not provide for balancing prejudice or other factors. *See United States v. Ford*, 550 F.2d 732, 743-44 (2d Cir. 1977) (finding that dismissal under the IAD is "mandatory"), *aff'd sub nom. United States v. Mauro*, 436 U.S. 340, 98 S. Ct. 1834 (1978). The IAD requires bringing the prisoner to trial within 120 or 180 days of different triggering events, and provides that if the applicable time is exceeded, the jurisdiction with pending charges "shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect." Minn. Stat. § 629.294, subd. 1, art. V(c).[2] Appellant argues that the state failed to commence his trial within either time period and that the district court should have granted his motion to dismiss.

---

[2] The IAD only applies in cases where a detainer has been lodged against a prisoner. *Dickerson*, 777 N.W.2d at 532 (citing *United States v. Mauro*, 436 U.S. 340, 364 n.30, 98 S. Ct. 1834, 1849 n.30 (1978)). "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719, 105 S. Ct. 3401, 3403 (1985). The IAD is not the exclusive method by which a party state may obtain custody of a prisoner incarcerated in another jurisdiction. *Dickerson*, 777 N.W.2d at 533-34. A writ of habeas corpus ad

Whether the district court erred in denying appellant's motion to dismiss is a question of law, which this court reviews de novo. *Rasmussen v. Two Harbors Fish Co.*, 832 N.W.2d 790, 797 (Minn. 2013). We apply federal precedent in making our determination because "[a]s a congressionally sanctioned interstate compact within the Compact Clause of the United States Constitution, Art. I, § 10, cl. 3, the IAD is a federal law subject to federal construction." *New York v. Hill*, 528 U.S. 110, 111, 120 S. Ct. 659, 662 (2000) (quotation omitted).

As previously noted, the IAD establishes two "speedy trial" time periods. Article IV of the IAD governs situations in which a state, having previously lodged a detainer against the prisoner, requests temporary custody. Minn. Stat. § 629.294, subd. 1, art. IV(a). It provides that "trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state." *Id.*, subd. 1, art. IV(c). Article IV only relates to situations where a *state initiates a request for custody* of a prisoner.

Article III governs situations in which a *prisoner requests disposition of the charges* pending in the jurisdiction that lodged the detainer. *Id.*, subd. 1, art. III(a). In cases where the prisoner makes the request for final disposition, the jurisdiction where charges are pending must bring that person to trial within 180 days of delivery of written notice of the prisoner's demand to the prosecuting officer and the appropriate court in the jurisdiction. *Id.* The two

---

prosequendum is not a "detainer" for the purposes of the IAD and is not subject to its provisions. *Id.* at 534. Here, the record does not indicate whether the State of Minnesota ever filed a detainer or whether appellant was taken to Minnesota pursuant to a writ of habeas corpus ad prosequendum. The district court considered appellant's IAD-based motion to dismiss, the parties have appealed this as an IAD matter, and we consider this appeal as an IAD matter.

5

speedy trial deadlines in the IAD are "distinct" from one another and are triggered "depending on who initiates the prisoner's return to the jurisdiction with pending charges." George L. Blum, Annotation, *Construction and Application of Article III of Interstate Agreement on Detainers (IAD)—Issues Related to "Speedy Trial" Requirement, and Construction of Essential Terms*, 70 A.L.R. 6th 361 § 3.5 (2011).

The IAD provides for the expansion of the time period for bringing a prisoner to trial, stating that "for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." Minn. Stat. § 629.294, subd. 1, arts. III(a), IV(c). An affirmative request for a continuance is not the only way time is tolled. Courts have held that where the accused or his attorney causes a delay of proceedings, the IAD timeline is tolled during the delay period. *United States v. Scheer*, 729 F.2d 164, 168 (2d Cir. 1984). Taking this one step further, federal caselaw holds that a prisoner waives by implication the time protection of the IAD, if he or his counsel assents to scheduling a trial outside the time period. *Hill*, 528 U.S. at 115-18, 120 S. Ct. at 663-66; *State v. Wells*, 638 N.W.2d 456, 461 (Minn. App. 2002), *review denied* (Minn. Mar. 19, 2002). Such waivers may be characterized as explicit or, when implied by the circumstances, implicit. *Wells*, 638 N.W.2d at 460; *see also* Blum at § 3.5.

Appellant argues that his arrival in Ramsey County on February 20, 2014, triggered the requirement under the IAD that the state bring him to trial within 120 days. But at the same time the parties agree that appellant initiated his return to Minnesota by filing a request for disposition in Ramsey County district court on December 16, 2013. This triggers the 180-day time limit under Article III. Minn. Stat. § 629.294, subd. 1, art. III. Because appellant

6

initiated his own return to Minnesota, we conclude that the 120-day time period in Article IV does not apply.

The district court found that appellant caused delays in the progression of the case by indicating his intent to plead guilty, asking for time to obtain a pre-plea investigation, entering and then withdrawing a guilty plea, and requesting or accepting "a number of other continuances along [the] way." The court held that given the delays appellant caused, he waived the 180-day time limit. We review this conclusion de novo.

Without any proper delays or continuances, the state would have been obligated to bring appellant to trial by June 14, 2014—180 days after December 16, 2013. The record does not indicate what transpired between December 16, 2013, when appellant's IAD request was filed and February 20, 2014, when he arrived in Ramsey County. Those 66 days counted against the 180-day time limit; 114 days remained.

After February 20, 2014, hearings were scheduled and rescheduled. The record does not reflect the role of appellant or his counsel in any delays prior to the March 14, 2014 pretrial hearing. These 22 days count toward the 180-day limit; 92 days remain.

Apparently intimating that a guilty plea was being considered, defense counsel requested a continuance to allow for updating a pre-plea sentencing worksheet. The district court subsequently characterized this request as a rare practice in Ramsey County, and observed that it was typically done to enable the accused to pursue a guilty-plea agreement. The pretrial hearing was continued until April 4 to accommodate this request. Because this 21-day delay was due to a request made in open court by defense counsel and was considered exceptional, the district court determined that the resulting delay constituted an implicit

7

waiver, and that those 21 days should not count toward the 180-day limit. The pretrial was then delayed from April 4 to April 11 for reasons not stated in the record. At a minimum, these seven days count toward the 180-day limit; 85 days remain.

On April 11, 2014, appellant pleaded guilty and the plea was accepted. That was a watershed event. It obviated the need to bring appellant to trial and resulted in the IAD time limit having been met. A presentence report was completed, the sentencing hearing was scheduled for May 9, and rescheduled for May 30, when appellant moved to withdraw his guilty plea. On May 30, the district court granted the motion to withdraw the guilty plea, thus reinstating the IAD time limit, and set the matter for trial on August 11. The 49-day delay between April 11 and May 30 were attributable to the guilty plea. The 49 days should not be counted toward the 180 days.

The delay from May 30 to the August trial is more challenging. The IAD clock was presumably running, relating back to the time remaining at the entry of the guilty plea. To the extent the reinstated plea of not guilty involved a new round of scheduling or other hearings and conferences, additional time was required to process appellant's case prior to trial and there was an implicit waiver of some length. However, the difficulty of determining how much time should be counted against appellant was avoided when at the May 30 hearing, appellant's counsel told the district court judge that the parties were "thinking of August" for a trial. Although defense counsel said that this was to accommodate the schedule of the prosecutor, appellant and his counsel were an active part of identifying this month-long time frame for a trial in open court. They presumably knew that without any tolling or waivers, the original 180 days would have run out in June 2014, and that depending on how the time

8

required for the pre-plea worksheet was counted, the 180-day limit would be reached as early as the very beginning of August. By advising the district court that the parties were "thinking of" the month-long August time frame for a trial, appellant invited the court to set a trial date anytime within the month. On May 30, the district court told the parties to cooperate and set a date. The record indicates that this was apparently done. Initially the trial date of August 11 was set, within their August time frame. The district court cannot be faulted for acceding to a defense suggestion to accommodate the schedule of the prosecutor. We conclude that this was an implicit waiver by appellant's counsel of the 180-day limit so long as appellant was brought to trial within the month of August.

The August 11 trial date was extended. Appellant/defense counsel asked for a two-day continuance for a possible guilty plea. This was granted. A plea hearing was set for August 22 and continued for unspecified reasons until August 27 when appellant agreed to a stipulated-facts bench trial, waived all trial rights, and was found guilty of first-degree burglary and first-degree aggravated robbery.

We recognize that the 180 days allowed by the IAD for bringing appellant to trial is adequate to allow some scheduling delays and flexibility, and that appellant should not be held to have implicitly waived the 180-day deadline by every request for an accommodation. However, certain actions here have an extraordinary quality. The guilty plea and its withdrawal were extraordinary events. The agreement to an August trial was also an extraordinary event. The district court treated the pre-plea sentencing worksheet as unusual. Given the guilty plea and August scheduling request, we need not decide whether the earlier continuances at appellant's behest should be included in or excluded from the 180-day limit.

9

The time lost due to the guilty plea, its withdrawal, and the agreement to an August trial shift to appellant the burden of showing how time between May 30 and the date when he was brought to trial in August should be considered vis-a-vis the remaining portion of the 180-day limit.[3] The district court simply said that the time required for the pre-plea sentencing worksheet, the guilty plea, and the withdrawal of that guilty plea required substantially more time to bring appellant to trial and that the limit was not exceeded. Due to the multiple requests and delays clearly caused by appellant and his suggesting a trial in August, we conclude that on this record the August 27 trial was not past the 180-day deadline, that the IAD does not require dismissal, and that the district court did not err in denying appellant's motion to dismiss.[4]

**Affirmed.**

---

[3] Appellant asserts that we cannot uphold any waiver of the 180-day deadline unless the waiver or request for extension occurs prior to the expiration of the 180 days. Assuming appellant is correct, we note that here the guilty plea was entered before the original 180-day deadline expired, and that the implicit waivers were well within the continually expanded 180-day time frame. Accordingly, we do not consider this to be an issue in appellant's appeal.

[4] We note that appellant briefed and argued by analogy Minnesota law on speedy-trial standards. Considerations already discussed bearing on the reasons for the delay and its assertion, together with the lack of any particulars regarding appellant's federal-prisoner programming, result in there not being a basis for a finding of prejudice and violation of the right to a speedy trial. *See State v. Windish*, 590 N.W.2d 311, 315 (Minn. 1999) (adopting the U.S. Supreme Court's four-part balancing test for analysis of speedy-trial violations).